IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:17-cr-486-WKW-SRW |
| | ) | |
| WILLIE FRANK MARTIN, JR. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on defendant Willie Frank Martin's motion to suppress. Doc. 14. Defendant argues in the motion, *inter alia*, that all evidence obtained as a result of the search warrant[1] issued by Houston County district court judge Benjamin H. Lewis, which was executed at defendant's residence on May 10, 2017, is due to be suppressed because the affiant who secured the warrant – Sergeant Scott Owens, an investigator with the Dothan Police Department – included a false statement in the warrant application. See Doc. 14 at 4, 5-6. Owens' false statement, according to the defendant, was that, while under police surveillance, defendant Martin "exited his residence … and was observed, by TFO [Task Force Officer] Jim Smith, with a firearm in his waistband. The firearm was concealed but was unconcealed for enough time for TFO Smith to see the firearm." Doc. 14-1, Ex. 1; Doc. 14 at 2. Defendant contends that "there is no way that TFO Smith could have seen what he asserted he saw on the morning of May 10, 2017." Doc. 14 at 4. He requests an evidentiary hearing. *Id*. at 1.

---

[1] Neither party to this proceeding has provided the court with a copy of the search warrant; however, there appears to be no dispute that a search warrant was in fact signed and executed, and that the judge who issued the warrant was the judge to whom the warrant application (Doc. 14-1, Ex. 1) was addressed.

Although defendant does not characterize it as such, his request is for a *Franks*[1] hearing as to this issue. The government maintains that defendant is not entitled to a hearing on this claim on the ground that he does not meet the *Franks* hearing standard. Doc. 18 at 2-4.

The Supreme Court has indicated that "[t]here is ... a presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. Accordingly, to be entitled to a *Franks* hearing, a defendant "must make a 'substantial preliminary showing' establishing: (1) that the affiant deliberately or recklessly included a false statement, or failed to include material information, in the warrant affidavit; and (2) that the allegedly false statement or omission was necessary to the finding of probable cause." *U.S. v. Flowers*, 531 Fed. Appx. 975, 980 (11th Cir. 2013) (quoting *Franks*, 438 U.S. at 155-156). "Allegations of negligence or mistake are insufficient." *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. "Moreover, the defendant's attack 'must be more than conclusory' and the allegations of deliberate falsehood or reckless disregard for the truth 'must be accompanied by an offer of proof.'" *Flowers*, 531 Fed. Appx. at 980 (quoting *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684). The *Franks* court identifies, as examples of supporting proof, "affidavits or sworn or otherwise reliable statements of witnesses" apart from the warrant affidavit. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684; *see also United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006) (concluding that defendant did not satisfy the substantiality requirement for a *Franks* hearing because he relied on hearsay statements and did not submit affidavits or other sworn statements). If affidavits or sworn or otherwise reliable statements of witnesses are not furnished, "their absence should be

satisfactorily explained." *Arbolaez*, 450 F.3d at 1294 (internal citations and quotations omitted).

If the defendant comes forward with an acceptable offer of proof, he or she still is not entitled to a *Franks* hearing if there is no showing that the omitted facts would have precluded a finding of probable cause. "Even intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause." *United States v. Sarras*, 575 F.3d 1191, 1218 (11th Cir. 2009) (quotation marks and brackets omitted).

In this case, defendant has failed to meet his burden under *Franks*. He has provided no offer of proof that the affiant deliberately or recklessly included a false statement, or failed to include material information, in the warrant affidavit. Instead, he attached as exhibits to his motion only the search warrant affidavit itself, the arrest warrant, a copy of a photograph, and an investigative report – none of which is sufficient, either alone or collectively, to make the required showing. Defendant offers nothing more than the bare, conclusory assertion in his motion, unsupported by any proof, that "there is no way that TFO Smith could have seen what he asserted he saw on the morning of May 10, 2017," because "the shirt that Mr. Martin was wearing the morning he was arrested is a black, baggy, X-large T-shirt which clearly would have covered up any firearm had Mr. Martin been in possession of one[.]" Doc. 14 at 4.[2] Further, even if defendant did proffer evidence

---

[2] Defendant also contends that TFO Smith could not have observed a weapon in defendant's possession because defendant had not seen the firearm for over a week and a half prior to the search. Doc. 14 at 3. However, defendant did not make a statement to officers to this effect until his post-search interview, and that statement was not known to, and could not have been considered by, TFOs Smith and Owens in

concerning this T-shirt, he made no offer of proof that the affiant[3] *deliberately or recklessly* included a false statement, or failed to include material information, in the warrant affidavit. Nothing on the court's record supports defendant's claims, and defendant does not attempt to explain the absence of such support.[4] Again, to secure a *Franks* hearing, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks*, 438 U.S. at 171, 98 S. Ct. at 2684; *see also U.S. v. Gray*, 544 Fed. Appx. 870, 882 (11th Cir. 2013) (noting

---

connection with securing the search warrant affidavit. Thus, the statement is not relevant to the *Franks* inquiry.

[3] The deliberate falsity or reckless disregard at issue must be that of the affiant, not of any non-governmental informant. *U.S. v. Smith*, 918 F. 2d 1501, 1508 (11th Cir. 1990) (citing *Franks*, 438 U.S. at 171, 98 S. Ct. at 2684). In this case, Owens' informant was another government officer, TFO Smith. "'Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number.' … To comply with the requirement of particularity and to enable the magistrate to make an independent probable cause evaluation, however, the agent must state in the affidavit that he is relying upon other officers. … We caution that this requirement should not be viewed 'in a hypertechnical, rather than a common-sense, manner.'… It is sufficient if the affidavit recites at the outset, or if it is clear from reading the affidavit as a whole, that it is based in part upon information obtained from other law enforcement officers." *United States v. Kirk*, 781 F.2d 1498, 1505 (11th Cir. 1986) (citations omitted). In this instance, Owens' warrant affidavit makes it clear that it was Smith, not Owens, who observed defendant with a weapon.

However, even though one officer may rely on another officer for information upon which to base a search warrant application, "police [cannot] insulate one officer's deliberate misstatement merely by relaying it through an officer-affiant personally ignorant of its falsity." *Franks*, 438 U.S. at 163 n. 6, 98 S. Ct. at 2680 n. 6; *see also O'Ferrell v. United States*, 968 F. Supp. 1519, 1533 (M.D. Ala. 1997), *aff'd*, 253 F.3d 1257 (11th Cir. 2001). In this case, no evidence has been proffered to this court to suggest that there was any attempt by law enforcement to "launder" deliberate or reckless misstatements through Owens, nor has any proof been offered to show that Owens himself acted with deliberate or reckless disregard for the truth in relying on Smith's statements.

[4] Defendant also does not explain how the fact that Martin was wearing a baggy, extra-large T-shirt at the time he allegedly was seen with a weapon, even if proved, would inevitably render TFO Owens' statement concerning TFO Smith's sighting of the firearm false. Owens reported his understanding that the "firearm was concealed but was unconcealed for enough time for TFO Smith to see the firearm," Doc. 14-1 at 3 (Exhibit 1) (emphasis added). It is clearly possible that a long, baggy T-shirt could be moved momentarily, so as to expose a weapon concealed in a waistband, by a breeze, a raised arm, a sudden turn or movement, or any number of other such circumstances.

defendant's failure to proffer evidence showing that the affiant "knew the information was false or misleading").

Because defendant does not meet this threshold burden, it is unnecessary to reach the question of whether he has shown that the alleged misrepresentation would have precluded a finding of probable cause.

Accordingly, defendant is not entitled to a *Franks* hearing in this case, and the affidavit supporting the search warrant must be presumed to be valid. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684.

Thus, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to suppress (Doc. 14) be DENIED. It is further

ORDERED that **on or before December 28, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party filing the objection objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. §636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 15th day of December, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge